DAMON M. BROWN, County Counsel (SBN 242265)
By: MELISSA M. HOLMES, Asst. Chief Deputy (220961)
JENNIFER M. MARTIN, Supervising Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 5836
E-mail: Melissa.Holmes@sdcounty.ca.gov; Jennifer.Martin2@sdcounty.ca.gov

Attorneys for Defendant, County of San Diego

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

David Beck, an individual,

Plaintiff,

v.

County of San Diego; San Diego County Sheriff's Office Deputy Thompson, in his individual capacity; San Diego County Sheriff's Office Sergeant Stilfield, in his individual capacity; Does 1-20,

Defendants.

No. 25-cv-03753-W-SBC

**DEFENDANT COUNTY OF SAN DIEGO'S ANSWER TO PLAINTIFF'S COMPLAINT (ECF NO. 1)**

**DEMAND FOR JURY TRIAL**

Judge: Hon. Thomas J. Whelan
Magistrate: Hon. Steve B. Chu

/ / /

/ / /

/ / /

/ / /

Defendant COUNTY OF SAN DIEGO (the "County"), answering for itself alone and for no other defendant, responds to the Complaint of Plaintiff DAVID BECK as follows:

Answering the unnumbered introductory paragraph of the Complaint, the County admits that on November 25, 2024, personnel of the San Diego County Sheriff's Office responded to a call for service in Vista, California, involving Plaintiff David Beck; that Deputy Thompson made contact with Plaintiff; that Plaintiff was handcuffed; that paramedics were summoned to the scene and treated Plaintiff; and that Plaintiff was ultimately released under Penal Code section 849.5. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's medical history, his occupation, his communications with third parties, and what any third party observed, heard, said, believed, or understood, and on that basis denies them. Except as expressly admitted, the County denies each and every allegation of the introductory paragraph.

1. Paragraph 1 states legal conclusions regarding subject matter jurisdiction to which no response is required. To the extent a response is deemed required, the County admits that Plaintiff purports to invoke this Court's jurisdiction under 28 U.S.C. sections 1331, 1343(a), and 1367, denies that Plaintiff has stated any claim upon which relief may be granted, and denies that Plaintiff is entitled to any relief whatsoever.

2. Paragraph 2 states legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, the County admits that venue is proper in the Southern District of California and that the events alleged in the Complaint are alleged to have occurred in San Diego County. Except as expressly admitted, the County denies the allegations of Paragraph 2.

/ / /

/ / /

/ / /

/ / /

3. The County admits that Plaintiff presented a claim for money or damages to the County of San Diego on or about May 19, 2025, and that notice of rejection of that claim was given on or about June 10, 2025. The remaining allegations of Paragraph 3 state legal conclusions to which no response is required. Except as expressly admitted, the County denies the allegations of Paragraph 3.

4. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies them.

5. The County admits that it is a public entity duly organized and existing under the laws of the State of California, and that the San Diego County Sheriff's Office is a law enforcement agency in the County of San Diego. The remaining allegations of Paragraph 5 state legal conclusions, to which no response is required. To the extent a response is deemed required, the County denies them. Except as expressly admitted, the County denies the allegations of Paragraph 5.

6. The County admits that on November 25, 2024, Deputy Thompson was employed by the County of San Diego as a deputy sheriff, and that he made contact with and handcuffed Plaintiff on November 25, 2024. Except as expressly admitted, the County denies the allegations of Paragraph 6.

7. The County admits that on November 25, 2024, Sergeant Stilfield was employed by the County of San Diego. Except as expressly admitted, the County denies the allegations of Paragraph 7.

8. Paragraph 8 sets forth Plaintiff's stated intentions with respect to fictitiously named defendants and states legal conclusions, to which no response is required. The Court dismissed the Doe Defendants. (Doc. 7 at 20.) To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

9. Paragraph 9 sets forth allegations regarding fictitiously named defendants to which no response is required as the Court dismissed the Doe Defendants. (Doc. 7 at 20.) To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

10. Paragraph 10 sets forth allegations regarding fictitiously named defendants to which no response is required as the Court dismissed the Doe Defendants. (Doc. 7 at 20.) To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

11. Paragraph 11 sets forth allegations regarding fictitiously named defendants to which no response is required as the Court dismissed the Doe Defendants. (Doc. 7 at 20.) To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

12. Except as already admitted in response to previous paragraphs, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies them.

13. The County denies each and every allegation of Paragraph 13.

14. The County denies each and every allegation of Paragraph 14.

15. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies them.

16. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies them.

17. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies them.

18. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies them.

19. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis denies them.

20. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies them.

21. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies them.

/ / /

22. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies them.

23. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies them.

24. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis denies them.

25. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies them.

26. The County admits that Deputy Thompson responded to the scene in a marked patrol vehicle and stopped behind Plaintiff's truck. Except as expressly admitted, the County denies the allegations of Paragraph 26.

27. The County admits that Deputy Thompson approached Plaintiff's truck and spoke with Plaintiff. Except as expressly admitted, the County denies the allegations of Paragraph 27.

28. The County admits that, at one point during the encounter, a woman speaking on the phone in Plaintiff's hand verbally indicated that Plaintiff had diabetes. Except as expressly admitted, the County denies the allegations of Paragraph 28.

29. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis denies them.

30. The County admits that, at one point during the encounter, Deputy Thompson indicated the location to a woman who was speaking on the phone in Plaintiff's hand. Except as expressly admitted, the County denies the allegations of Paragraph 30.

31. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis denies them.

32. The County admits that, Plaintiff was told to "step out" of the vehicle. Except as expressly admitted, the County denies the allegations of Paragraph 32.

/ / /

33. The County admits that at one point Plaintiff attempted to return to the vehicle. Except as expressly admitted, the County denies the allegations of Paragraph 33.

34. The County admits that Plaintiff was handcuffed. Except as expressly admitted, the County denies the allegations of Paragraph 34.

35. The County denies each and every allegation of Paragraph 35.

36. The County admits that Plaintiff was seated in the back of a patrol vehicle at one point. Except as expressly admitted, the County denies the allegations of Paragraph 36.

37. The County admits that paramedics were summoned and arrived. Except as expressly admitted, the County denies the allegations of Paragraph 37.

38. The County admits that paramedics were summoned and arrived. Except as expressly admitted, the County denies the allegations of Paragraph 38.

39. The County admits that paramedics were summoned and arrived. Except as expressly admitted, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis denies them.

40. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and on that basis denies them.

41. The County admits that paramedics and deputies were summoned and arrived at the scene. Except as expressly admitted, the County denies the allegations of Paragraph 41.

42. The County denies the allegations in Paragraph 42.

43. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis denies them.

44. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis denies them.

45. The County admits that Deputy Thompson and other deputies responded to the scene. Except as expressly admitted, the County denies the allegations of Paragraph 45.

46. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and on that basis denies them.

47. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis denies them.

48. The County denies the allegations in Paragraph 48.

49. The County denies the allegations in Paragraph 49.

50. The County denies the allegations in Paragraph 50.

51. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis denies them.

52. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies them.

53. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis denies them.

54. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis denies them.

55. The County admits that Beck was initially handed a citation but was ultimately released under Penal Code section 849.5. Except as expressly admitted, the County denies the allegations of Paragraph 55.

56. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis denies them.

57. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis denies them.

58. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and on that basis denies them.

59. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and on that basis denies them.

60. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and on that basis denies them.

61. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and on that basis denies them.

62. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and on that basis denies them.

63. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and on that basis denies them.

64. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and on that basis denies them.

65. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and on that basis denies them.

66. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and on that basis denies them.

67. The County admits that Beck was ultimately released under Penal Code section 849.5. Except as expressly admitted, the County denies the allegations of Paragraph 67.

68. The County denies the allegations in Paragraph 68.

69-91. The allegations of Paragraphs 69 through 91 are offered in support of Plaintiff's Third Cause of Action for municipal liability, which the Court dismissed. (Doc. 7 at 20.) No response to those paragraphs is required. To the extent a response is deemed required, the County denies each and every allegation.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – Excessive Force**

**Against Defendant Deputy Thompson and Does 16-20**

92-99. Paragraph 92 incorporates by reference the preceding and subsequent allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here. Further, Paragraphs 92-99 are offered in support of Plaintiff's First Cause of Action, which is asserted against Deputy Thompson and Does 16 through 20 only, and not against the County of San Diego. The

Court dismissed the Doe Defendants. (Doc. 7 at 20.) No response from this answering Defendant is required. To the extent a response is deemed required, the County denies each and every allegation of these paragraphs.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 – Unlawful Detention/Arrest**

**Against the Deputy Defendants, Defendant Sgt. Stilfield, and Does 11-20**

100-113. Paragraph 100 incorporates by reference the preceding and subsequent allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here. Further, Paragraphs 100-113 are offered in support of Plaintiff's Second Cause of Action, which is asserted against the Deputy Defendants, Sergeant Stilfield, and Does 11 through 20 only, and not against the County of San Diego. The Court dismissed the Doe Defendants. (Doc. 7 at 20.) No response from this answering Defendant is required. To the extent a response is deemed required, the County denies each and every allegation of these paragraphs.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – Monell**

**Against Defendant County of San Diego**

114-120. Paragraph 114 incorporates by reference the preceding and subsequent allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here. Further, Paragraphs 114-120 are offered in support of Plaintiff's Third Cause of Action for municipal liability under *Monell*. (Doc. 7 at 20.) The Court dismissed this claim. Plaintiff did not file an amended complaint within the time allowed. (Doc. 7 at 21.) No response from this answering Defendant is required. To the extent a response is deemed required, the County incorporates by reference its responses to each preceding and subsequent paragraph of the Complaint and denies each and every allegation of these paragraphs.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**42 U.S.C. § 12131 – Violation of Title II of the Americans with Disabilities Act Against Defendant County of San Diego**

121. Paragraph 121 incorporates by reference the preceding and subsequent allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

122. Paragraph 122 purports to quote, summarize, or characterize 42 U.S.C. section 12101(a)(2) and the congressional findings supporting the Americans with Disabilities Act, a writing that speaks for itself. On that basis the County denies the allegations of Paragraph 122, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

123. Paragraph 123 purports to quote, summarize, or characterize 42 U.S.C. section 12101(b)(1)-(2), a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 123, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

124. Paragraph 124 purports to quote, summarize, or characterize 42 U.S.C. section 12132, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 124, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

125. Paragraph 125 purports to quote, summarize, or characterize 28 C.F.R. section 35.160, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 125, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

126. The County admits that it is a public entity within the meaning of Title II of the Americans with Disabilities Act. Except as expressly admitted, the County denies the allegations of Paragraph 126.

127. Paragraph 127 states a legal conclusion to which no response is required. To the extent a response is deemed required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical diagnoses and their effect on his major life activities, and on that basis denies them, and denies that Plaintiff was a qualified individual with a disability within the meaning of Title II at all times relevant to this action.

128. Paragraph 128 purports to quote, summarize, or characterize a publication of the United States Department of Justice, Civil Rights Division, which is not binding authority, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 128, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

129. The County denies the allegations in this paragraph.

130. The County denies the allegations in this paragraph.

131. The County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131, and on that basis denies them.

132. The County denies the allegations in this paragraph.

133. The County denies the allegations in this paragraph.

134. The County denies the allegations in this paragraph.

135. The County denies the allegations in this paragraph.

136. The County denies the allegations in this paragraph.

**FIFTH CAUSE OF ACTION**

**29 U.S.C. § 794 – Violation of the Rehabilitation Act**

**Against Defendant County of San Diego**

137. Paragraph 137 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

138. Paragraph 138 purports to quote, summarize, or characterize 29 U.S.C. section 794, a writing that speaks for itself and is the best evidence of its own contents.

On that basis the County denies the allegations of Paragraph 138, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

139. Paragraph 139 states a legal conclusion to which no response is required. To the extent a response is deemed required, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical diagnoses and their effect on his major life activities, and on that basis denies them, and denies that Plaintiff was a qualified individual with a disability within the meaning of the Rehabilitation Act at all times relevant to this action.

140. The County admits that it receives federal financial assistance in connection with certain of its programs and activities. Except as expressly admitted, the County lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140, and on that basis denies them.

141. The County denies the allegations in this paragraph.

142. The County denies the allegations in this paragraph.

143. Paragraph 143 states legal conclusions and characterizations of authority to which no response is required. To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

**SIXTH CAUSE OF ACTION**

**Cal. Civil Code § 52.1 – Violation of the Bane Act**

**Against All Defendants**

144. Paragraph 144 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

145. Paragraph 145 purports to quote, summarize, or characterize the California Constitution and the Fourth and Fourteenth Amendments to the United States Constitution, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 145, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

146. The County denies each and every allegation of Paragraph 146.

147. The County denies each and every allegation of Paragraph 147.

148. Paragraph 148 states legal conclusions and characterizations of authority to which no response is required. To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

149. The County denies the remaining allegations of Paragraph 149, and further states that punitive damages are not recoverable against a public entity. See Cal. Gov't Code § 818.

**SEVENTH CAUSE OF ACTION**

**Assault**

**Against All Defendants**

150. Paragraph 150 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

151. The County denies the allegations in this paragraph.

152. The County denies the allegations in this paragraph.

153. The County denies the allegations in this paragraph.

154. The County denies the allegations in this paragraph.

155. The County denies the allegations in this paragraph.

156. The County denies the allegations in this paragraph.

157. Paragraph 157 states a legal conclusion regarding vicarious liability to which no response is required. To the extent a response is deemed required, the County denies the allegations of Paragraph 157.

158. The County denies the allegations of Paragraph 158, and further states that punitive damages are not recoverable against a public entity. See Cal. Gov't Code § 818.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

## Battery

## Against All Defendants

159. Paragraph 159 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

160. The County denies the allegations in this paragraph.

161. The County denies the allegations in this paragraph.

162. The County denies the allegations in this paragraph.

163. The County denies the allegations in this paragraph.

164. The County denies the allegations in this paragraph.

165. The County denies the allegations in this paragraph.

166. The County denies the allegations in this paragraph.

167. Paragraph 167 states a legal conclusion regarding vicarious liability to which no response is required. To the extent a response is deemed required, the County denies the allegations of Paragraph 167.

168. The County denies the allegations of Paragraph 168, and further states that punitive damages are not recoverable against a public entity. See Cal. Gov't Code § 818.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**NINTH CAUSE OF ACTION**

**False Imprisonment**

**Against the Deputy Defendants**

169-180. Paragraph 169 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here. Further, Paragraphs 169-180 are offered in support of Plaintiff's Ninth Cause of Action. This claim is asserted against the Deputy Defendants only, and not against the County of San Diego. The Court dismissed the Doe Defendants. (Doc. 7 at 20.) No response from this answering Defendant is required. To the extent a response is deemed required, the County denies each and every allegation of these paragraphs.

**TENTH CAUSE OF ACTION**

**Negligence**

**Against All Defendants**

181. Paragraph 181 incorporates by reference the preceding allegations of the Complaint, and the County incorporates by reference its responses to each of those paragraphs as though fully set forth here.

182. Paragraph 182 states legal conclusions and characterizations of authority to which no response is required. To the extent a response is deemed required, the County denies each and every allegation of this paragraph.

183. Paragraph 183 purports to quote, summarize, or characterize California Government Code section 820, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 183, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

184. Paragraph 184 purports to quote, summarize, or characterize California Government Code section 820.4, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 184,

and specifically denies any characterization of that writing that is inconsistent with its full text and context.

185. Paragraph 185 purports to quote, summarize, or characterize California Government Code section 820.8, a writing that speaks for itself and is the best evidence of its own contents. On that basis the County denies the allegations of Paragraph 185, and specifically denies any characterization of that writing that is inconsistent with its full text and context.

186. The County denies each and every allegation of Paragraph 186.

187. Paragraph 187 asserts allegations against Does 16 through 20, and not against the County of San Diego. No response from this answering Defendant is required. To the extent a response is deemed required, the County denies each and every allegation of this paragraph. The Court dismissed the Doe Defendants. (Doc. 7 at 20.)

188. Paragraph 188 states a legal conclusion regarding vicarious liability to which no response is required. To the extent a response is deemed required, the County denies the allegations of Paragraph 188.

189. The County denies each and every allegation of Paragraph 189.

190. The County denies the allegations of Paragraph 190, and further states that punitive damages are not recoverable against a public entity. See Cal. Gov't Code § 818.

**ELEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**Against All Defendants**

191-196. The Court dismissed Plaintiff's Eleventh Cause of Action for intentional infliction of emotional distress. (Doc. 7 at 20.) Plaintiff did not file an amended complaint within the time allowed. (Doc. 7 at 21.) No response from this answering Defendant is required. To the extent a response is deemed required, the County denies each and every allegation.

/ / /

/ / /

## RESPONSE TO PRAYER FOR RELIEF

Answering the unnumbered Prayer for Relief, including subparagraphs 1 through 7, the County denies that Plaintiff is entitled to judgment against it, to general damages, to special damages, to exemplary or punitive damages, to attorneys' fees, to costs of suit, to interest, or to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate and distinct affirmative defense, Defendant County of San Diego alleges that the Complaint, and each cause of action alleged against it, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction; Improper Party)

As a second, separate and distinct affirmative defense, Defendant County of San Diego alleges that the Court lacks subject matter jurisdiction over the claims alleged and that Plaintiff has failed to sue the proper party.

### THIRD AFFIRMATIVE DEFENSE

### (No Municipal Liability)

As a third, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff cannot establish that any policy, custom, or practice of the County, or any failure to train, supervise, or discipline, was the moving force behind any deprivation of a federally protected right, or that the County acted with deliberate indifference. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Connick v. Thompson*, 563 U.S. 51 (2011).

### FOURTH AFFIRMATIVE DEFENSE

### (No Underlying Constitutional Violation)

As a fourth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it cannot be liable under 42 U.S.C. § 1983 absent a deprivation of

Plaintiff's constitutional rights by an individual County employee. *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

**FIFTH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior Liability)**

As a fifth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable under 42 U.S.C. § 1983 on a theory of respondeat superior.

**SIXTH AFFIRMATIVE DEFENSE**

**(Conduct of Non-Policymakers)**

As a sixth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

As a seventh, separate and distinct affirmative defense, Defendant County of San Diego alleges that the individual defendants are entitled to qualified immunity from liability under title 42, United States Code section 1983.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Absolute Immunity)**

As an eighth, separate and distinct affirmative defense, Defendant County of San Diego alleges that the individual defendants are entitled to absolute immunity from liability under title 42, United States Code section 1983.

/ / /

/ / /

/ / /

/ / /

/ / /

**NINTH AFFIRMATIVE DEFENSE**

**(No Discrimination by Reason of Disability)**

As a ninth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff was not excluded from participation in, denied the benefits of, or subjected to discrimination in any program, service, or activity of the County by reason of any disability. See 42 U.S.C. § 12132; 29 U.S.C. § 794.

**TENTH AFFIRMATIVE DEFENSE**

**(Exigent Circumstances)**

As a tenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that any obligation under Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act was excused by exigent circumstances and by legitimate considerations of officer and public safety. *See Sheehan v. City & County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600 (2015).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Intentional Discrimination)**

As an eleventh, separate and distinct affirmative defense, Defendant County of San Diego alleges that compensatory damages under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act require proof of intentional discrimination, which Plaintiff cannot establish. *See Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unreasonable Accommodation; Fundamental Alteration; Direct Threat)**

As a twelfth, separate and distinct affirmative defense, Defendant County of San Diego alleges that any accommodation Plaintiff contends was required would have been unreasonable, would have fundamentally altered the service or activity at issue, or was excused because Plaintiff posed a direct threat. See 28 C.F.R. §§ 35.130(b)(7), 35.139.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Federal Financial Assistance)**

As a thirteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that the program or activity in which the alleged discrimination is said to have occurred did not receive federal financial assistance within the meaning of 29 U.S.C. § 794.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Threat, Intimidation, Coercion, or Specific Intent)**

As a fourteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff cannot establish threat, intimidation, or coercion, or the specific intent to violate a protected right, as required by section 52.1 of the Civil Code. *See Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 225 Cal. Rptr. 3d 356 (Ct. App. 2017).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Suspicion and Probable Cause)**

As a fifteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that County employees had reasonable suspicion to detain Plaintiff and probable cause to arrest and to cite him.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lawful Arrest)**

As a sixteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of section 815.2, subdivision (b), of the Government Code and sections 836 and 847 of the Penal Code in that the arrest and any resulting detention arose out of a lawful arrest.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Force)**

As a seventeenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of section 815.2, subdivision (b), of the

Government Code and section 835a of the Penal Code in that all conduct of County employees was objectively reasonable, privileged, and undertaken in good faith and in the lawful performance of their duties. *See Graham v. Connor*, 490 U.S. 386 (1989).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Defense of Officers and Others)**

As an eighteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of section 815.2, subdivision (b), of the Government Code and section 835a of the Penal Code in that the physical force and contact used were reasonable for the lawful defense of the officer or officers and of others.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a nineteenth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff consented, expressly or by implication, to the conduct of which he complains.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Common Law Liability)**

As a twentieth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for common law torts and is liable only as provided by statute, by operation of section 815 of the Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Derivative Immunity)**

As a twenty-first, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is immune from liability for any act or omission of an employee where the employee is immune, by operation of section 815.2, subdivision (b), of the Government Code.

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Due Care in Execution of the Law)**

As a twenty-second, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Discretionary Acts and Other Statutory Immunities)**

As a twenty-third, separate and distinct affirmative defense, Defendant County of San Diego alleges that it and its employees are immune by operation of sections 818.4, 818.8, 820.2, 845, and 855.6 of the Government Code, including for injury resulting from the exercise of discretion vested in the employee, from misrepresentation, and from any failure to provide police protection service.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith Under Apparent Authority)**

As a twenty-fourth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of section 820.6 of the Government Code for injury caused by acts done in good faith, without malice, under the apparent authority of an enactment that is unconstitutional, invalid, or inapplicable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Adoption and Enforcement of Enactments)**

As a twenty-fifth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of sections 818.2 and 821 of the Government Code for injuries caused by the adoption of or failure to adopt an enactment, or by the failure to enforce any law.

/ / /

/ / /

/ / /

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Institution or Prosecution of Proceedings)**

As a twenty-sixth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of sections 815.2, subdivision (b), and 821.6 of the Government Code in that the injuries and damages, if there were any, were caused by the institution or prosecution of a judicial or administrative proceeding.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Others; Superseding Cause)**

As a twenty-seventh, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons who are not officers or employees of the County of San Diego, including Plaintiff himself and his preexisting medical conditions. Such superseding or intervening causes cut off the County's liability, if any.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Emergency Care by Licensed Medical Providers)**

As a twenty-eighth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for injuries arising from emergency care rendered at the scene of an emergency by licensed medical care providers, pursuant to section 2395 of the Business and Professions Code.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Release, Escape, and Resisting Arrest)**

As a twenty-ninth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for injuries arising out of decisions relating to the parole or release of a prisoner, for injuries caused by an escaping or escaped prisoner or arrestee, or for injuries caused by a person resisting arrest, pursuant to section 845.8 of the Government Code.

/ / /

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Vicarious Liability)**

As a thirtieth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not subject to vicarious liability for the conduct alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Comparative Fault and Apportionment)**

As a thirty-first, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff acted unreasonably, carelessly, and negligently in and about the matters alleged in the Complaint, in that he did not exercise ordinary care, caution, or prudence for his own safety and protection, and that these acts were the proximate cause of the alleged injuries, losses, and damages, if there were any. If the County is found legally responsible to Plaintiff, then the County provisionally alleges that its acts or omissions were not the sole and proximate cause of Plaintiff's injuries and damages, and that any damages awarded must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities that contributed to or caused the injuries and damages, according to proof at trial. *See Li v. Yellow Cab Co.*, 532 P.2d 1226 (Cal. 1975); Cal. Civ. Code § 1431.2.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

As a thirty-second, separate and distinct affirmative defense, Defendant County of San Diego alleges that on or before the date of the subject incident, Plaintiff knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the Complaint.

/ / /

/ / /

/ / /

/ / /

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a thirty-third, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff has failed, refused, and neglected to reasonably mitigate his damages, which bars or diminishes any recovery.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Injuries Arising from Commission of a Felony)**

As a thirty-fourth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for injuries proximately caused by Plaintiff's commission of any felony, or his immediate flight therefrom, pursuant to section 3333.3 of the Civil Code.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

As a thirty-fifth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff is barred by the doctrine of waiver and is therefore estopped from maintaining this action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a thirty-sixth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff's conduct was undertaken with unclean hands, and that he is therefore estopped from pursuing his claims.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a thirty-seventh, separate and distinct affirmative defense, Defendant County of San Diego alleges that the causes of action are barred by laches.

/ / /

/ / /

/ / /

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

As a thirty-eighth, separate and distinct affirmative defense, Defendant County of San Diego alleges that Plaintiff has already litigated all or some of the claims set forth in the Complaint, such that those claims are barred by the doctrines of res judicata and collateral estoppel.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Government Claims Act; Claim Presentation)**

As a thirty-ninth, separate and distinct affirmative defense, Defendant County of San Diego alleges that the action is barred by Plaintiff's failure to timely comply with the claim presentation requirements of section 945.4 of the Government Code, and by his assertion of theories, injuries, and damages not fairly reflected in the claim presented. See Cal. Gov't Code §§ 905, 910, 911.2, 945.4, 950.2.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a fortieth, separate and distinct affirmative defense, Defendant County of San Diego alleges that the action is barred by the applicable statutes of limitations, including Plaintiff's failure to commence the action within the time required by section 945.6 of the Government Code and by section 335.1 of the Code of Civil Procedure.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

As a forty-first, separate and distinct affirmative defense, Defendant County of San Diego alleges that the action is barred by Plaintiff's failure to exhaust administrative remedies, including internal administrative procedures and statutory administrative procedures, and that this Court therefore lacks jurisdiction over Plaintiff's claims.

/ / /

/ / /

/ / /

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(No Punitive or Exemplary Damages)**

As a forty-second, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for punitive or exemplary damages by operation of section 818 of the Government Code. *See also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(No Prejudgment Interest)**

As a forty-third, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for prejudgment interest under section 998 of the Code of Civil Procedure and section 3291 of the Civil Code, in that it is a public entity and is exempt from prejudgment interest under section 3291.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Collateral Source Reduction)**

As a forty-fourth, separate and distinct affirmative defense, Defendant County of San Diego alleges that pursuant to section 985 of the Government Code, any judgment entered in this action may be reduced for collateral source payments paid or obligated to be paid for services or benefits provided before trial commenced.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Limitation on Noneconomic Damages)**

As a forty-fifth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not liable for noneconomic losses pursuant to section 3333.4 of the Civil Code, in that Plaintiff owned or operated a vehicle involved in the incident that was not insured, or operated a motor vehicle in violation of section 23152 or 23153 of the Vehicle Code.

/ / /

/ / /

/ / /

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

As a forty-sixth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it has not completed its investigation or discovery and reserves the right to assert additional defenses as they become known.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant County of San Diego prays as follows:

1. That Plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of the County of San Diego and that the Complaint be dismissed with prejudice;
3. That the County recover its costs of suit;
4. That the County recover reasonable attorneys' fees to the extent authorized by law; and
5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant County of San Diego demands a trial by jury.

DATED: September 8, 2026 DAMON M. BROWN, County Counsel

By *s/ Jennifer M. Martin*
JENNIFER M. MARTIN, Supervising Deputy
Attorneys for Defendant County of San Diego
E-mail: Jennifer.Martin2@sdcounty.ca.gov