DAMON M. BROWN, County Counsel (SBN 242265)
By: MELISSA M. HOLMES, Asst. Chief Deputy (220961)
JENNIFER M. MARTIN, Supervising Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 335
San Diego, California 92101-2469
Telephone: (619) 531- 5836
E-mail: Melissa.Holmes@sdcounty.ca.gov; Jennifer.Martin2@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Deputy Thompson, and Sergeant Stilfield

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

David Beck, an individual,

Plaintiff,

v.

County of San Diego; San Diego County Sheriff's Office Deputy Thompson, in his individual capacity; San Diego County Sheriff's Office Sergeant Stilfield, in his individual capacity; Does 1-20,

Defendants.

No. 25-cv-03753-W-SBC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DEPUTY THOMPSON AND SERGEANT STILFIELD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**[Fed. R. Civ. P. 12(b)(6)]**

Date: November 16, 2026
Courtroom: 3C
Judge: Hon. Thomas J. Whelan
Magistrate: Hon. Steve B. Chu

**NO ORAL ARGUMENT PER LOCAL RULE UNLESS FURTHER ORDERED BY THE COURT**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1
II. BACKGROUND ........ 1
A. The Complaint's Allegations ........ 1
B. Procedural History ........ 2
C. Plaintiff's Government Claim ........ 2
III. LEGAL STANDARDS ........ 3
IV. ARGUMENT ........ 3
A. Issues Common to Both Defendants. ........ 3
1. The IIED Claim Has Already Been Dismissed. ........ 3
2. The Fourteenth Amendment Theories Fail. ........ 4
B. Sergeant Stilfield Should Be Dismissed From the Action. ........ 4
1. Count 2 Fails to State a Section 1983 Claim as Sergeant Stilfield did not participate in any seizure. ........ 4
a. Approving the referral of a citation is not a seizure. ........ 5
b. The "knowing no probable cause" allegation is conclusory. ........ 5
c. Sergeant Stilfield is entitled to qualified immunity. ........ 6
2. The State Claims Against Sergeant Stilfield Fail For Failure to Present a Timely Government Claim, Failure to Allege Conduct by Stilfield, the Absence of Duty, and Section 821.6 Immunity. ........ 6
a. The claims rest on facts never presented in Plaintiff's government claim. 6
b. The assault, battery, and Bane Act claims allege no conduct by him. ........ 7
c. The negligence claim identifies no duty or causation. ........ 7
d. Section 821.6 bars liability for the charging referral. ........ 7
3. The Punitive Damages Allegations Fail as to Sergeant Stilfield. ........ 8
4. Leave to Amend Should Be Denied. ........ 8
C. Several Theories Against Deputy Thompson Fail as a Matter of Law. ........ 8
1. Count 1: The Failure-to-Summon-Aid and Provocation Theories are not Valid Basis for Plaintiff's Claim. ........ 8
2. Count 2: There is no Claim Stated for Unlawful Detention and Arrest. ........ 9
a. The citation was not a seizure. ........ 9
b. The continued restraint during medical treatment was reasonable. ........ 9
c. Deputy Thompson is entitled to qualified immunity for directing Plaintiff out of the truck. ........ 10
3. Count 6: Bane Act ........ 11
4. Count 7: Assault ........ 11
5. Count 9: False Imprisonment ........ 11
6. Count 10: Negligence ........ 12
V. CONCLUSION ........ 13

**Table of Authorities**

**Cases**

*Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733–43 (9th Cir. 2008) .......... 3

*Albright v. Oliver*, 510 U.S. 266 (1994) .......... 5

*Ames v. King County*, 846 F.3d 340 (9th Cir. 2017) .......... 10, 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3, 4

*Barnes v. Felix*, 605 U.S. 73 (2025) .......... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3

*Brigham City v. Stuart*, 547 U.S. 398 (2006) .......... 10

*Britton v. Maloney*, 196 F.3d 24 (1st Cir. 1999) .......... 5

*Cady v. Dombrowski*, 413 U.S. 433 (1973) .......... 10

*Caldwell v. City & County of San Francisco*, 889 F.3d 1105 (9th Cir. 2018) .......... 9

*Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024) .......... 5, 9

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999) .......... 4

*County of Los Angeles v. Mendez*, 581 U.S. 420 (2017) .......... 8-9

*Devenpeck v. Alford*, 543 U.S. 146 (2004) .......... 10

*DiBella v. Borough of Beachwood*,
407 F.3d 599 (3d Cir. 2005) .......... 5

*District of Columbia v. Wesby*,
583 U.S. 48 (2018) .......... 10, 11, 6

*Easton v. Sutter Coast Hosp.*,
80 Cal. App. 4th 485 (2000) .......... 11

*Fall River Joint Unified Sch. Dist. v. Superior Court*,
206 Cal. App. 3d 431 (1988) .......... 6, 7

*Graham v. Connor*,
490 U.S. 386 (1989) .......... 4

*Tatum v. City & County of San Francisco*,
441 F.3d 1090 (9th Cir. 2006) .......... 8

*Hughes v. Pair*,
46 Cal. 4th 1035 (2009) .......... 3

*Karam v. City of Burbank*,
352 F.3d 1188 (9th Cir. 2003) .......... 5, 9

*Keates v. Koile*,
883 F.3d 1228 (9th Cir. 2018) .......... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 3

*Leon v. County of Riverside*,
14 Cal. 5th 910 (2023) .......... 11, 7-8

*Pearson v. Callahan*,
555 U.S. 223 (2009) .......... 6

*Pennsylvania v. Mimms*,
434 U.S. 106 (1977) .......... 10

*People v. Souza*,
9 Cal. 4th 224(1994) .......... 12

*Reese v. County of Sacramento*,
888 F.3d 1030 (9th Cir. 2018) .......... 7

*Silverton v. Dep't of Treasury*,
644 F.2d 1341 (9th Cir. 1981) .......... 3

*Smith v. Wade*,
461 U.S. 30 (1983) .......... 8

*Soo Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) .......... 3, 5

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 4

*State of California v. Superior Court (Bodde),*
32 Cal. 4th 1234 (2004) .......... 6

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*,
34 Cal. 4th 441 (2004) .......... 6

*Terry v. Ohio*,
392 U.S. 1 (1968) .......... 10

*Thompson v. Clark*,
596 U.S. 36 (2022) .......... 5, 9

*United States v. Arvizu*,
534 U.S. 266 (2002) .......... 10, 12

*Williams v. State of California*,
34 Cal. 3d 18 (1983) .......... 12

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) .......... 8

**Statutes**

Cal. Civ. Code § 52.1 .......... 11, 7

Cal. Civ. Code § 3294 .......... 8

Cal. Gov't Code § 820.8 .......... 7

Cal. Gov't Code § 821.6 .......... 11, 12, 6, 7

Cal. Gov't Code § 950.2 .......... 6

Cal. Penal Code § 148 .......... 5

Cal. Penal Code § 847 .......... 12

Cal. Penal Code § 853.6 .......... 9

Cal. Veh. Code § 23152 .......... 10, 12

42 U.S.C. § 1983 .......... 4, 8

**Rules**

Fed. R. Civ. P. 12 .......................................................................................... 1, 2, 3

## I. INTRODUCTION

Plaintiff David Beck sued the County of San Diego, Deputy Thompson, and Sergeant Stilfield after a roadside encounter during a hypoglycemic episode. The Court has dismissed the *Monell* and intentional infliction of emotional distress ("IIED") claims and every Doe defendant, and Plaintiff did not amend. The recently served individual defendants now move to dismiss.

Sergeant Stilfield should be dismissed entirely. He was not at the scene, and the only allegations against him concern a telephone call hours later and his alleged approval of forwarding a citation to the District Attorney. The Court has already held those allegations insufficient as to the Doe reviewers, and the state claims rest on facts absent from Plaintiff's government claim.

Deputy Thompson does not seek dismissal of the excessive force claim now, but several theories against him fail as a matter of law: those premised on the citation, which is not a seizure; the continued restraint during medical treatment, which the Court has found reasonable; the directive to exit the truck, for which he has qualified immunity; failure-to-summon-aid theories the Complaint refutes; and the dismissed IIED claim.

## II. BACKGROUND

### A. The Complaint's Allegations

On November 25, 2024, Plaintiff began experiencing a hypoglycemic episode while driving, pulled over, and was so disoriented that he could not tell his girlfriend where he was. (Compl. ¶¶ 18–22.) A passerby called 9-1-1. (*Id.* ¶ 25.) Deputy Thompson responded, and Plaintiff and his girlfriend told him Plaintiff was diabetic and needed medical assistance. (*Id.* ¶¶ 26–29.) Deputy Thompson directed Plaintiff out of the truck; Plaintiff exited, then turned back toward the vehicle; and Deputy Thompson took him to the ground, handcuffed him, and placed him in the patrol car. (*Id.* ¶¶ 32–36.) Deputy Thompson then called paramedics, who found Plaintiff's blood sugar at 46 mg/dL, noted slurred speech and confusion, and treated him while he remained handcuffed. (*Id.* ¶¶ 37–42.) When the paramedics released Plaintiff to his girlfriend's care, Deputy Thompson

issued a citation for resisting arrest and removed the handcuffs, and a paramedic drove Plaintiff's truck home. (*Id.* ¶¶ 52–56.)

Hours later, Sergeant Stilfield returned Plaintiff's call to the Vista Station. (*Id.* ¶¶ 59–60.) He said Deputy Thompson reported that Plaintiff had tried to swing at him and to drive off, that he had not yet reviewed the body-worn camera footage, and that Plaintiff would need to subpoena it. (*Id.* ¶¶ 61–65.) On information and belief, Plaintiff alleges that Sergeant Stilfield approved submitting the citation to the District Attorney "despite knowing there was no probable cause." (*Id.* ¶¶ 66, 112.) The District Attorney declined to prosecute. (*Id.* ¶ 67.)

**B. Procedural History**

Plaintiff filed this action on December 23, 2025, asserting eleven causes of action. (ECF No. 1.) Plaintiff served the County on January 9, 2026. (ECF No. 3.) The County moved to dismiss the third, fourth, fifth, and eleventh causes of action and the Doe defendants. (ECF No. 4.) On August 10, 2026, the Court dismissed the third (*Monell*) and eleventh (IIED) causes of action and all Doe defendants with leave to amend by August 24, 2026. (ECF No. 7 at 20–21.) Plaintiff did not amend, and the County answered on September 8, 2026. (ECF No. 9.) An Early Neutral Evaluation is set for October 23, 2026. (ECF No. 10.) Plaintiff served Deputy Thompson and Sergeant Stilfield on September 15, 2026. The parties jointly moved to extend the ENE and deadline for Deputy Thompson and Sergeant Stilfield to file this motion from October 6, 2026, but, as of its filing, that motion has not yet been granted.

**C. Plaintiff's Government Claim**

Plaintiff presented a claim to the County on May 19, 2025. (Request for Judicial Notice ("RJN") Ex. A.) The claim and its narrative attachment describe the roadside encounter, the citation, and the District Attorney's declination, attributing every act to Deputy Thompson. (*Id.*) The claim does not mention Sergeant Stilfield, the telephone call, any review of the incident, the body-worn camera footage, or anyone's approval of charges, and it lists Deputy Thompson as the only County employee involved. (*Id.*)

## III. LEGAL STANDARDS

A complaint survives a Rule 12(b)(6) motion only if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "[t]hreadbare recitals of the elements" are not accepted as true. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations on information and belief suffice only where the facts are peculiarly within the defendant's control or the belief rests on factual information making the inference plausible. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). The Court may consider documents incorporated by reference and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1002 (9th Cir. 2018). Qualified immunity may be resolved on a motion to dismiss when the complaint's allegations, taken as true, do not state a violation of clearly established law. *Keates v. Koile*, 883 F.3d 1228, 1234–35 (9th Cir. 2018).

## IV. ARGUMENT

### A. Issues Common to Both Defendants.

1. <u>The IIED Claim Has Already Been Dismissed.</u>

The Court dismissed the eleventh cause of action, and Plaintiff did not amend. (ECF No. 7 at 14–15, 20.) The Court's reasoning turned on the Complaint's characterization of Deputy Thompson's own conduct, which as described in the Complaint was not conduct calculated to cause emotional distress. (*Id.* at 15.) The same reasoning applies with greater force to Sergeant Stilfield, whose only alleged conduct is a telephone call and failure to prevent a charging referral. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009)(describing conduct that "fall far short of conduct" necessary for tort). A court may dismiss claims against non-moving defendants who are in a position similar to that of the moving defendant. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008). Count 11 should be dismissed as to both defendants.

2. <u>The Fourteenth Amendment Theories Fail.</u>

Counts 1 and 2 invoke the Fourteenth Amendment as well as the Fourth. (Compl. ¶¶ 93, 101.) Claims that officers used excessive force or made an unreasonable seizure in the course of an arrest or other seizure are analyzed solely under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourteenth Amendment theories should be dismissed, as should the Bane Act count to the extent it rests on due process, equal protection, or article I, section 7 of the California Constitution, for which the Complaint pleads no facts. (Compl. ¶ 145.)

**B. Sergeant Stilfield Should Be Dismissed From the Action.**

Sergeant Stilfield is not a "Deputy Defendant," a term the Complaint limits to Deputy Thompson and Does 1–10. (Compl. ¶ 9.) He is not named in Count 1 or Count 9. He is named in Count 2 and, through the heading "All Defendants," in Counts 6, 7, 8, 10, and 11. Every fact alleged about him postdates the encounter. (*Id.* ¶¶ 7, 59–66, 112.) None states a claim.

1. <u>Count 2 Fails to State a Section 1983 Claim as Sergeant Stilfield did not participate in any seizure.</u>

Each defendant is liable under section 1983 only for his own misconduct. *Iqbal*, 556 U.S. at 676–77. A supervisor is liable only if he personally participated in the deprivation or there is a sufficient causal connection between his wrongful conduct and the violation. *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011). The seizure at issue ended when Plaintiff was released at the scene. (Compl. ¶ 55.) The Complaint alleges that Sergeant Stilfield's involvement began hours later. (*Id.* ¶¶ 59–60.) Conduct that occurs after a seizure has ended cannot have caused it.

Plaintiff's ratification theory does not fill the gap. (*Id.* ¶ 112.) Ratification is a basis for *municipal* liability that requires a final policymaker's approval of a subordinate's decision and its basis. *Christie v. Iopa*, 176 F.3d 1231, 1238–39 (9th Cir. 1999). It is not a theory of individual liability, and the Complaint does not allege that a patrol sergeant is a final policymaker. Moreover, the Court has already rejected this very paragraph.

Paragraph 112 alleges that "Sgt. Stilfield and Defendant Does 11–15" reviewed and ratified the incident. The Court held those allegations conclusory, found that "[t]he Complaint does not allege facts indicating it was wrongful for [Sgt.] Stilfield to rely on Deputy Thompson's recount of the incident," and found *Starr* inapplicable. (ECF No. 7 at 18–19.) The same allegations cannot state a claim against Sergeant Stilfield that they failed to state against the Doe reviewers.

*a.* ***Approving the referral of a citation is not a seizure.***

The only other conduct attributed to Sergeant Stilfield is approving the submission of the resisting-arrest citation to the District Attorney. (Compl. ¶¶ 66, 112.) A Fourth Amendment claim requires a seizure. A citation and promise to appear are not one; such obligations are "no more burdensome than the promise to appear a motorist makes when issued a traffic citation." *Karam v. City of Burbank*, 352 F.3d 1188, 1193–94 (9th Cir. 2003); Britton v. Maloney, 196 F.3d 24 (1st Cir. 1999))(no seizure in a charge that produces, at most, a summons with no arrest or detention); *DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005))(same). A Fourth Amendment malicious prosecution claim likewise requires a seizure pursuant to legal process. *Thompson v. Clark*, 596 U.S. 36, 42–44 (2022); *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558–59 (2024). The District Attorney declined to prosecute, so no legal process issued and no seizure followed. (Compl. ¶ 67.) And there is no substantive due process right to be free from prosecution without probable cause. *Albright*, 510 U.S. at 271–75.

*b.* ***The "knowing no probable cause" allegation is conclusory.***

The allegation that Sergeant Stilfield approved charges "despite knowing there was no probable cause" is made on information and belief without any supporting fact. (Compl. ¶¶ 66, 112.) The Complaint's own facts point the other way: Sergeant Stilfield was relying on Deputy Thompson's report that Plaintiff tried to swing at him and to drive off. (*Id.* ¶ 62.) Accepted as the information Sergeant Stilfield had, that report supplied probable cause for a violation of California Penal Code section 148(a)(1). The allegation does not meet the *Soo Park* standard. 851 F.3d at 928.

c. ***Sergeant Stilfield is entitled to qualified immunity.***

Qualified immunity shields officials unless their conduct violated a right that was clearly established at the time, defined with specificity. *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). No authority clearly established that a sergeant violates the Fourth Amendment by relying on a deputy's account of an incident, declining to review body-worn camera footage during a telephone call, or approving the referral of a misdemeanor citation to a prosecutor. Nor does the Complaint identify any constitutional right to a particular investigation of a citizen's complaint or to obtain evidence outside legal process. Count 2 should be dismissed as to Sergeant Stilfield.

2. The State Claims Against Sergeant Stilfield Fail For Failure to Present a Timely Government Claim, Failure to Allege Conduct by Stilfield, the Absence of Duty, and Section 821.6 Immunity.

a. ***The claims rest on facts never presented in Plaintiff's government claim.***

A cause of action against a public employee is barred if an action against the employing entity for the same injury is barred by the Government Claims Act. Cal. Gov't Code § 950.2. Compliance with the claim-presentation requirement is an element of the claim. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239–45 (2004). A complaint may elaborate on the facts in a claim, but it may not rest liability on a different set of facts. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446–47 (2004); *Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431, 434–36 (1988).

Plaintiff's claim describes a roadside encounter with Deputy Thompson. (RJN Ex. A.) It says nothing about a telephone call, a review of the incident, body-worn camera footage, or the approval of charges, and it does not mention Sergeant Stilfield, although Plaintiff spoke with him six months before presenting the claim. (*Id.*; Compl. ¶¶ 60–65.)

/ / /

Its generic reference to the County's failure to "supervise, train, review, and ensure" that deputies followed the standard of care concerns standards and training "that would have prevented the injuries," not a sergeant's after-the-fact handling of a complaint. (RJN Ex. A.) Its vicarious liability allegation is limited to personnel "involved in the incident," which Sergeant Stilfield was not. (*Id.*) The claim also identifies no injury from a charging referral; it describes only the physical injuries from being "thrown to the ground" and resulting losses. (*Id.*) The state claims against Sergeant Stilfield rest on a different set of facts and are barred.

*b.* ***The assault, battery, and Bane Act claims allege no conduct by him.***

Counts 7 and 8 allege threats and touching by the "Deputy Defendants," a group that excludes Sergeant Stilfield. (Compl. ¶¶ 9, 151–166.) He is not alleged to have been present, touched Plaintiff, or threatened him. The Bane Act requires interference with rights by "threat, intimidation, or coercion," Cal. Civ. Code § 52.1(b), and speech alone is insufficient absent a threat of violence, *id.* § 52.1(k). A telephone call and a charging referral are neither. A "specific intent" to violate Plaintiff's rights is also required, and none is plead. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).

*c.* ***The negligence claim identifies no duty or causation.***

A public employee "is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8. The physical injuries alleged in the Complaint were complete before Sergeant Stilfield's involvement began, and the Complaint identifies no duty he owed Plaintiff in handling a complaint after the fact. (Compl. ¶¶ 181–190.)

*d.* ***Section 821.6 bars liability for the charging referral.***

A public employee "is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. The California Supreme Court has confirmed that the statute immunizes conduct that would otherwise support a malicious prosecution claim. *Leon v. County of Riverside*, 14 Cal. 5th 910,

920–27 (2023). Any state claim premised on approving the submission of charges is exactly that kind of claim.

3. <u>The Punitive Damages Allegations Fail as to Sergeant Stilfield.</u>

Punitive damages require evil motive or reckless or callous indifference under section 1983, *Smith v. Wade*, 461 U.S. 30, 56 (1983), and malice, oppression, or fraud under state law, Cal. Civ. Code § 3294(a). The Complaint alleges no such facts about Sergeant Stilfield.

4. <u>Leave to Amend Should Be Denied.</u>

Where a plaintiff has been given leave to amend and fails to cure the deficiencies, the court's discretion to deny further leave is "particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The Court's order explained why paragraph 112 fails, and Plaintiff chose not to amend. (ECF No. 7 at 18–21.) Sergeant Stilfield should be dismissed without leave to amend.

**C. Several Theories Against Deputy Thompson Fail as a Matter of Law.**

At this point, Deputy Thompson does not ask the Court to resolve the reasonableness of the force alleged in the Complaint. He will address those allegations on the factual record. He seeks dismissal of the following theories, each of which fails regardless of how that dispute is resolved.

1. <u>Count 1: The Failure-to-Summon-Aid and Provocation Theories are not Valid Basis for Plaintiff's Claim.</u>

Count 1 alleges that Deputy Thompson had an obligation to call paramedics immediately and that, by directing Plaintiff out of the truck, he "turned what was then a static situation into an emergency." (Compl. ¶¶ 95–96.) The first theory is refuted by the Complaint, which alleges that Deputy Thompson called paramedics, who arrived and treated Plaintiff. (*Id.* ¶¶ 37–40.) An officer who promptly summons medical assistance satisfies the Fourth Amendment. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). The second theory fails because an officer's earlier conduct is not an independent basis for liability for a later use of force. *County of Los Angeles v.*

*Mendez*, 581 U.S. 420, 427–29 (2017). While events preceding a use of force are part of the totality of the circumstances, *Barnes v. Felix*, 605 U.S. 73 (2025), they do not create a freestanding claim.

2. Count 2: There is no Claim Stated for Unlawful Detention and Arrest.

Count 2 rests on three distinct acts: the directive to exit the truck and initial detention, the continued restraint while paramedics treated Plaintiff, and the citation. (Compl. ¶¶ 101–110.) Each should be analyzed separately, and each fails.

*a.* ***The citation was not a seizure.***

The Complaint alleges that Deputy Thompson issued the citation when Plaintiff was released and that the handcuffs came off at that time. (Compl. ¶ 55.) The citation ended the physical restraint rather than prolonged it. California law requires that a person arrested for a misdemeanor ordinarily be released on a written notice to appear. Cal. Penal Code § 853.6(a)(1). A notice to appear is not a Fourth Amendment seizure. *Karam*, 352 F.3d at 1193–94. The District Attorney declined to prosecute, so there was no seizure pursuant to legal process. *Thompson*, 596 U.S. at 42–44; *Chiaverini*, 602 U.S. at 558–59. A fabrication theory fails for the same reason, because it requires a resulting deprivation of liberty. *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018).[1] Count 2 should be dismissed to the extent it rests on the citation.

*b.* ***The continued restraint during medical treatment was reasonable.***

The Court has already held that keeping Plaintiff restrained while paramedics treated him was not unreasonable. Plaintiff "remained in a disoriented state throughout the entirety" of that period, the scene was on the side of a roadway, and he "was still not even fully recovered" when the handcuffs were removed; under those circumstances there was "no basis for finding" the officers "had reason to believe Beck's detention was unreasonable." (ECF No. 7 at 17–18.) That analysis rested on Plaintiff's condition, not on the identity of the officer. It applies equally to Deputy Thompson for the period after

---

[1] Paragraph 178 labels the citation "retaliatory," but the Complaint pleads no First Amendment claim and identifies no protected activity.

Plaintiff was placed in the patrol car. At a minimum, no clearly established law forbade maintaining restraint of a disoriented person at a roadside scene until medical personnel released him. *See Ames v. King County*, 846 F.3d 340, 348–50 (9th Cir. 2017).

c. ***Deputy Thompson is entitled to qualified immunity for directing Plaintiff out of the truck.***

The Complaint claims that Deputy Thompson responded to a 9-1-1 call about a man in distress and found a disoriented driver behind the wheel of a truck on a public road. (Compl. ¶¶ 20, 25–29.)

Officers may take reasonable steps to render aid and protect the public during a medical emergency. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973). The Ninth Circuit has held that deputies acting as community caretakers at a roadside medical emergency acted reasonably in seizing a person to allow medical care to proceed and protect those at the scene. *Ames*, 846 F.3d at 348–50.

The directive was independently justified as an investigative step. An officer may briefly detain a person on reasonable suspicion of criminal activity, *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968), and may direct the occupant of a lawfully detained vehicle to step out, *Pennsylvania v. Mimms*, 434 U.S. 106, 111 & n.6 (1977) (per curiam). The Complaint alleges that Deputy Thompson found a man seated behind the wheel of a truck he had just driven on a public road, so disoriented that he could not state where he was. (Compl. ¶¶ 18–20, 25–29.) Those facts would lead a reasonable officer to suspect a violation of California Vehicle Code section 23152. The report that Plaintiff was diabetic did not require Deputy Thompson to abandon that inquiry. Reasonable suspicion "need not rule out the possibility of innocent conduct," *United States v. Arvizu*, 534 U.S. 266, 277 (2002), and officers need not accept an innocent explanation for suspicious facts, *Wesby*, 583 U.S. at 61. Because the inquiry is objective, it does not matter that Deputy Thompson ultimately cited a different offense. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

No precedent placed beyond debate that directing a disoriented driver out of a vehicle, whether to address a reported medical emergency or to investigate possible impairment, violates the Fourth Amendment. *See Wesby*, 583 U.S. at 63–64. Deputy Thompson is entitled to qualified immunity on Count 2 to the extent it rests on that directive. The subsequent takedown is the subject of Count 1 and is not at issue here.

3. Count 6: Bane Act

To the extent the Bane Act claim rests on the citation or its referral, it fails for two reasons. Issuing a written notice to appear is speech that threatens no violence. Cal. Civ. Code § 52.1(k). And injury from instituting a criminal proceeding is immunized by California Government Code section 821.6. *Leon*, 14 Cal. 5th at 920–27. The due process, equal protection, and article I, section 7 theories fail for the reasons stated in Part IV.A.2.

4. Count 7: Assault

Assault requires that the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. *See* Judicial Council of Cal. Civ. Jury Instructions No. 1301 (2025). Count 7 merely recites that element. (Compl. ¶¶ 151–152.) The facts alleged are that Plaintiff was so disoriented he could not say where he was and turned back toward his truck before he was taken to the ground. (*Id.* ¶¶ 20, 33–34.) No facts support an inference that he apprehended an imminent touching. The contact itself is addressed by Count 8, and Count 7 adds nothing but a conclusory element.

5. Count 9: False Imprisonment

False imprisonment requires a confinement "without lawful privilege." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000). Count 9 rests on the same three acts as Count 2 (Compl. ¶¶ 173–178), and each was privileged or involved no confinement.

First, the directive to exit the truck and the brief detention that followed were lawful. Under California law, an officer may detain a person when specific, articulable facts, viewed in the totality of the circumstances, objectively suggest the person may be

involved in criminal activity. *People v. Souza*, 9 Cal. 4th 224, 230–31 (1994). For the reasons in Part IV.C.2, the facts alleged in the Complaint, a disoriented man behind the wheel of a truck he had just driven on a public road, supported suspicion of a Vehicle Code section 23152 violation. Deputy Thompson was not required to accept the report that Plaintiff was diabetic before investigating whether he was fit to be near the controls of a vehicle. *See United States v. Arvizu*, 534 U.S. 266, 277 (2002). An officer may also detain a person to address an apparent medical emergency. *See Ames*, 846 F.3d at 348–50.

Second, the continued restraint while paramedics treated Plaintiff was reasonable for the reasons in Part IV.C.2.b. A peace officer who had reasonable cause to believe a restraint was lawful is not civilly liable for it. Cal. Penal Code § 847(b)(1).

Third, the citation, which accompanied Plaintiff's release, confined no one. (Compl. ¶ 55.) Any injury from its referral for prosecution is barred by section 821.6.

Count 9 should be dismissed to the extent it rests on the directive to exit the truck and the initial detention, the continued restraint, or the citation.

6. <u>Count 10: Negligence</u>

Count 10 does not identify the conduct it challenges. (Compl. ¶¶ 181–190.) To the extent it rests on a failure to render aid (*id.* ¶ 95), the claim fails. Absent a special relationship, officers owe no duty to come to a person’s aid. *Williams v. State of California*, 34 Cal. 3d 18, 23–25 (1983). Once Plaintiff was in custody, the Complaint alleges that Deputy Thompson summoned paramedics, which is what the law requires. (Compl. ¶ 37). The Complaint alleges no injury caused by any delay. To the extent Count 10 rests on the citation, section 821.6 bars it.

/ / /

## V. CONCLUSION

Sergeant Stilfield respectfully requests dismissal of all claims against him without leave to amend. Deputy Thompson respectfully requests dismissal of Count 11 and dismissal of Counts 1, 2, 6, 9, and 10 to the extent they rest on the theories identified above, and of Count 7.

DATED: October 6, 2026 DAMON M. BROWN, County Counsel

By *s/ Jennifer M. Martin*
Jennifer M. Martin, Supervising Deputy
Attorneys for Defendant County of San Diego
E-mail: Jennifer.Martin2@sdcounty.ca.gov