DAMON M. BROWN, County Counsel (SBN 242265)
By: MELISSA M. HOLMES, Asst. Chief Deputy (220961)
JENNIFER M. MARTIN, Supervising Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 335
San Diego, California 92101-2469
Telephone: (619) 531- 5836
E-mail: Melissa.Holmes@sdcounty.ca.gov; Jennifer.Martin2@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Deputy Thompson, and Sergeant Stilfield

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

David Beck, an individual,

Plaintiff,

v.

County of San Diego; San Diego County Sheriff's Office Deputy Thompson, in his individual capacity; San Diego County Sheriff's Office Sergeant Stilfield, in his individual capacity; Does 1-20,

Defendants.

No. 25-cv-03753-W-SBC

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS DEPUTY THOMPSON AND SERGEANT STILFIELD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Date: November 16, 2026
Courtroom: 3C
Judge: Hon. Thomas J. Whelan
Magistrate: Hon. Steve B. Chu

**NO ORAL ARGUMENT PER LOCAL RULE UNLESS FURTHER ORDERED BY THE COURT**

Defendants Deputy Thompson and Sergeant Stilfield respectfully request that the Court take judicial notice under Federal Rule of Evidence 201, or consider under the incorporation-by-reference doctrine, the following document in connection with their Motion to Dismiss:

/ / /

/ / /

/ / /

Exhibit A: The claim for damages presented by Plaintiff David Beck to the County of San Diego, received by the Claims Division on May 19, 2025, including the narrative attachment Plaintiff designated "Exhibit A," as authenticated by the accompanying Declaration of Stefanie Osborn.

The basis for this request is below:

**A. The Claim Is Incorporated by Reference.**

A court ruling on a Rule 12(b)(6) motion may consider a document not attached to the complaint if the complaint refers to the document or the document forms the basis of the plaintiff's claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)(" The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Complaint affirmatively alleges that Plaintiff exhausted his administrative remedies by filing a government claim with the County, and it relies on that claim to satisfy the claim-presentation element of each state-law cause of action. (Compl. ¶ 3.) Plaintiff cannot plead compliance with the Government Claims Act while shielding the claim's contents from the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**B. The Claim Is a Proper Subject of Judicial Notice.**

The Court may take judicial notice of records of a public entity whose existence and contents are not subject to reasonable dispute, although not of disputed facts stated within them. Fed. R. Evid. 201(b); *see Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001)("A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment."). A claim presented to a county under California Government Code section 910 is such a record. Defendants do not ask the Court to accept the truth of any statement in the claim. They ask the Court to notice what the claim says and does not say, which is the question relevant to whether the Complaint's state-law theories against Sergeant Stilfield rest on facts presented to the County. *See Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446–47 (2004).

DATED: October 6, 2026 DAMON M. BROWN, County Counsel

By *s/ Jennifer M. Martin*
Jennifer M. Martin, Supervising Deputy
Attorneys for Defendant County of San Diego
E-mail: Jennifer.Martin2@sdcounty.ca.gov