DAMON M. BROWN, County Counsel (SBN 242265)
By: MELISSA M. HOLMES, Asst. Chief Deputy (220961)
JENNIFER M. MARTIN, Supervising Deputy (SBN 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 335
San Diego, California 92101-2469
Telephone: (619) 531- 5836
E-mail: Melissa.Holmes@sdcounty.ca.gov; Jennifer.Martin2@sdcounty.ca.gov

Attorneys for Defendants, County of San Diego, Deputy Thompson and Sergeant Stilfield

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

David Beck, an individual,

Plaintiff,

v.

County of San Diego; San Diego County Sheriff's Office Deputy Thompson, in his individual capacity; San Diego County Sheriff's Office Sergeant Stilfield, in his individual capacity; Does 1-20,

Defendants.

No. 25-cv-03753-W-SBC

**JOINT MOTION TO CONTINUE HEARING ON INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

Judge: Hon. Thomas J. Whelan
Magistrate: Hon. Steve B. Chu

Plaintiff David Beck and Defendants County of San Diego, Deputy Thompson, and Sergeant Stilfield, through their respective counsel, jointly move the Court for an order continuing by the hearing date on Defendant Thompson and Stilfield's motion to dismiss by thirty-five days, along with associated briefing deadlines, in order to allow the parties time to exchange limited discovery that the parties anticipate may clarify factual issues in the case and allow resolution of some issues raised in the motion to dismiss by agreement rather than by motion. Good cause exists as set forth below.

## I. BACKGROUND

Plaintiff filed this action on December 23, 2025. (ECF No. 1.) On August 10, 2026, the Court dismissed the third cause of action for municipal liability, the eleventh cause of action for intentional infliction of emotional distress, and all Doe defendants, with leave to amend by August 24, 2026. (ECF No. 7 at 20-21.) Plaintiff did not amend, and Defendant County of San Diego answered on September 8, 2026. (ECF No. 9.) Plaintiff then served Deputy Thompson and Sergeant Stilfield ("Individual Defendants") on September 15, 2026.

Counsel met and conferred by videoconference on September 24, 2026, regarding the anticipated motion and regarding case management. On September 28, 2026, the parties requested a forty-five day continuance of deadline for the Individual Defendants to file their Motion to Dismiss, along with deadlines for the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), and related deadlines. (ECF 12.) Part of the grounds for the request was allow the parties "to exchange core materials related to the underlying facts of the case" in order "to determine whether the claims against the individual Defendants could be narrowed by agreement rather than by motion." (ECF 12 at 2:21-24.) The parties agreed to exchange limited discovery by October 14, 2026.

The Individual Defendants filed their motion to dismiss on October 6, 2026 with a hearing date of November 16, 2026, making Plaintiff's opposition due November 2, 2026. (ECF 13.) On October 7, 2026, the Court granted the joint motion to continue the ENE and CMC, but denied the motion to continue the motion to dismiss as moot. (ECF 14.)

The parties now bring this motion to continue the hearing on the motion to dismiss and Plaintiff's deadline to oppose that motion, in order to accomplish the original goal of allowing the exchange of initial discovery and resolving some of Defendants' concerns with the current complaint by agreement rather than by motion.

## II. GOOD CAUSE

There is good cause to extend the hearing on the motion to dismiss individual Defendants' time to respond to the Complaint as the extension gives the parties an opportunity to narrow the claims without motion practice. One purpose of the September 24, 2026 conference was to determine whether the claims against the individual Defendants could be narrowed by agreement rather than by motion. That discussion is ongoing. The parties have agreed to exchange core materials related to the underlying facts of the case on or before October 14, 2026, and they believe that exchange will materially inform whether some of the challenged theories can be resolved by stipulation.

A thirty-five day continuance of the hearing on the motion to dismiss allows sufficient time for the parties to exchange and review discovery and, should the parties reach agreement on amendments to the complaint, to submit a joint motion seeking leave to amend by stipulation prior to Plaintiff's deadline to file his opposition. That gives that process a chance to work and potentially spares the parties and the Court the expense of briefing and deciding issues the parties can resolve themselves.

## III. CONCLUSION

The parties respectfully request that the Court continue the hearing date on the Motion to Dismiss by thirty-five days to December 21, 2026, making Plaintiff's opposition due on December 7 and the Individual Defendants' reply due December 14.

Respectfully submitted,

DATED: October 9, 2026 THE PEOPLE'S LAW PROJECT: LOS ANGELES

By *s/ Joshua J. Nuni*
Joshua J. Nuni

DATED: October 9, 2026 IREDALE & YOO, APC

By *s/ Peter Bibring*
Peter Bibring

Attorneys for Plaintiff

DATED: October 9, 2026 DAMON M. BROWN, County Counsel

By *s/ Jennifer M. Martin*
Jennifer M. Martin, Supervising Deputy
Attorneys for Defendants County of San Diego, Deputy Thompson and Sergeant Stilfield
E-mail: Jennifer.Martin2@sdcounty.ca.gov

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for all parties and that I have obtained authorization for all of the foregoing signatories to affix their electronic signature to this document.

DATED: October 9, 2026 DAMON M. BROWN, County Counsel

By *s/ Jennifer M. Martin*
Jennifer M. Martin, Supervising Deputy
Attorneys for Defendants County of San Diego, Deputy Thompson and Sergeant Stilfield
E-mail: Jennifer.Martin2@sdcounty.ca.gov